IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHELSEA SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. NO.: 2:17-cv-105-WKW-WC |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 2, 2017, the undersigned Magistrate Judge entered an Order (Doc. 5) granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* in this Social Security appeal, and further directing Defendant to file an answer to the complaint filed by Plaintiff. The court's Order of March 2, 2017, directed Plaintiff, who is proceeding *pro se*, to file a brief in support of her claims within forty days of the Defendant's filing of the answer. Defendant filed her Answer (Doc. 11) on May 31, 2017. Because Plaintiff failed to file her brief as instructed in the court's Order, and did not otherwise file anything with the court explaining her failure to file her brief, on October 24, 2017, the undersigned entered an Order (Doc. 12) noting Plaintiff's failure to prosecute her complaint and apparent abandonment of this action. The Order instructed Plaintiff to file a written response to the Order explaining "why her complaint should not be dismissed for her failure to prosecute this action and abide by the orders of the court." Doc. 12 at 1.

On November 13, 2017, Plaintiff filed her response, in which she asserts that she has "tried to find assistance in writing the brief that was requested . . . [but] could not find anyone who would explain to me how to write one." Doc. 13 at 1. She requests "more time to secure proper counsel" to assist her with her case, but does not explain how much additional time she needs. Furthermore, she does not explain, in any detail, her purported efforts to locate counsel or assistance with her case, and she does not provide any reason for the court to believe that, despite the failure of her supposedly diligent efforts over the last several months, she will nevertheless successfully obtain assistance if afforded additional—and, apparently, indefinite—time. Indeed, as of the date of this Order, some sixteen days after Plaintiff filed her response, Plaintiff still has not secured counsel or otherwise provided the court with any information concerning her efforts to do so.

As explained in the court's previous Order (Doc. 12), Plaintiff's brief in support of her complaint was due forty days after Defendant filed her Answer on May 31, 2017. Hence, the brief was due several months ago, on July 10, 2017. Because Plaintiff's response is devoid of the sort of information that would permit the undersigned to conclude that Plaintiff has endeavored in good faith to comply with her obligations in prosecuting this action, and likewise is devoid of any information suggesting that she will be able to do so in a prompt and timely manner if afforded additional time, the undersigned is compelled to conclude that the Complaint in this matter is due to be dismissed without prejudice due to Plaintiff's failure to prosecute this matter and to abide by the orders of the court.

For all of the reasons given above, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice

due to Plaintiff's failure to prosecute this action and failure to abide by the orders of the court. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before December 13, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 29th day of November, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE