IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHELSEA SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-105-WKW |
| | ) | [WO] |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge (Doc # 15), to which Ms. Singleton, proceeding *pro se*, has timely objected (Doc. # 16). The Magistrate Judge recommends dismissing Ms. Singleton's claim for failure to prosecute. Ms. Singleton filed her Social Security appeal on February 22, 2017. Defendant Nancy Berryhill filed her Answer on May 31, 2017 (Doc. # 11), and Ms. Singleton's brief was due forty days later—July 10, 2017 (Doc. # 5). That deadline came and went with nary a word from Ms. Singleton. On October 24, 2017, the Magistrate Judge entered an order for Ms. Singleton to show cause why her complaint should not be dismissed for failure to prosecute. (Doc. # 12.) Ms. Singleton responded on November 13, 2017. (Doc. # 13.) She explained that she realized that she lacked the proper knowledge and experience to continue

proceeding *pro se* and thus requested "more time to secure proper legal assistance." (Doc. # 13, at 1.)

The Magistrate Judge did not directly respond to this request. Instead, sixteen days after Ms. Singleton filed her request, the Magistrate Judge entered the Recommendation that the action be dismissed. (Doc. # 15.) The Magistrate Judge explained that Ms. Singleton's brief was already several months delinquent and that her request for additional time did not explain how much time she wanted or what steps she was taking to get things moving. (Doc. # 15, at 2.) The Magistrate Judge concluded that Ms. Singleton's response was "devoid of the sort of information that would permit the undersigned to conclude that Plaintiff has endeavored in good faith to comply with her obligations in prosecuting this action, and likewise . . . devoid of any information suggesting that she will be able to do so in a prompt and timely manner if afforded additional time." (Doc. # 15, at 2.)

In her objection to the Recommendation, Ms. Singleton explained that she "was not aware that [she] needed to specify a time frame," but that—now that she is aware—"an extension of time for after the month of January" to obtain counsel is requested. (Doc. # 16, at 1.) She also explained that she was waiting on a ruling by the Magistrate Judge to her initial request for additional time and was taken by surprise that the next order that came down the pipeline was the Recommendation that her case be dismissed. (Doc. # 16, at 2.)

2

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure and with court orders. *B.I. v. Montgomery Cty. Bd. of Educ.*, 750 F. Supp. 2d 1280, 1282 (M.D. Ala. 2010). Still, "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) (a *pro se* litigant is not held to a "strict accountability of compliance with the rules of procedure" (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980))).

Here, the Magistrate Judge's briefing order on March 2, 2017, clearly set out that Ms. Singleton was to file a brief in support of her claims "[w]ithin 40 days after Defendant filed [her] answer and served Plaintiff with the administrative record." (Doc. # 5, at 2.) It also directed that "[if] a party desires an extension of time within which to respond, the moving party is specifically DIRECTED to file a motion for extension before the date upon which the brief or response is due." (Doc. # 5, at 2.) So it is clear what the Magistrate Judge's order was. And it is clear that Ms. Singleton did not follow it.

In the interest of justice and in the spirit of leniency afforded *pro se* litigants, however, the Magistrate Judge's Recommendation will be rejected in consideration of the representations made in Ms. Singleton's objection. Ms. Singleton's

3

Response will be construed as a motion for an extension of time, and this motion will be granted. (Doc. # 16.) Ms. Singleton's brief is due on or before February 1, 2018. No further extensions will be given. It is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 15) is REJECTED;

2. Ms. Singleton's motion for an extension of time (Doc. # 16) is GRANTED;

3. Ms. Singleton's brief in support of her complaint is due **on or before February 1, 2018**; and

4. This action is REFERRED to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 19th day of December, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE